Manuel J. Lopez Sr.
Rosalva Diaz Lopez
7560 W. Pierson Street
Phoenix, AZ 85033
623-330-8157

**RECEIVED**

NOV 17 2008

UNITED STATES
BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

In Re:

MANUEL J. LOPEZ SR.
ROSALVA DIAZ LOPEZ

Case No. 08-15561

CHAPTER 13 PLAN

ORIGINAL

Debtor (s)
SSN xxx-xx-    SSN xxx-xx-

Your rights may be affected by this Plan. **If you object to the treatment of your claim as proposed in this Plan, you must file a written objection by the deadline set forth in a Notice of Date to File Objections to Plan that was served on parties in interest.** If this is a joint case, then "Debtor" means both Debtors. This plan does not allow claims or affect the timeliness of any claim. To receive payment of an unsecured claim, you must file a proof of claim with the Bankruptcy Court, even if this Plan provides for your debt. Except as provided is § 1323(c), a creditor who disagrees with the proposed treatment of its debt in the Plan must timely file an objection to the Plan.

___ This is an Amended or Modified Plan. The reasons for filing this Amended or Modified Plan are:_____

_____

(A) **Plan Payment and Property to be Submitted to the Plan.**

(1) Plan payment start on November 30, 2008. The Debtor shall pay the Trustee as Follows:

$ 699.72 each month for month ONE  through month SIXTY.
$_____each month for month _____through month_____.
$_____each month for month _____through month_____.

The proposed plan duration is 60 months. The applicable commitment period is 60 months. Section 1325(b)(4).

(2) Debtor will submit the following property in addition plan payments: *(Describe or State None)*
    NONE

(B) **Trustee's Percentage Fee.** Pursuant to 28 U.S.C. § 586(e), the Trustee may collect the percentage fee from all payments and property received.

(C) **Treatment of Administrative Expenses and Claims.** Except as specified for adequate protection payments under (C)(1) or otherwise ordered by the Court, the Trustee will make disbursements to creditors after the Court confirms this Plan. Unless otherwise provided in Section (J), disbursements by the Trustee shall be pro rata by class (except for adequate protection payments) and made in the following order:

(1) *Adequate protection payments.* Pursuant to Local Bankruptcy Rule 2084-6, the Trustee is authorized to make preconfirmation adequate protection payments to the following secured creditors without a Court order, provided the claim is properly listed on Schedule D, the creditor files a secured proof of claim that includes documentation evidencing a perfected security agreement, and the debtor or creditor sends a letter to the trustee requesting payment of preconfirmation adequate protection payments. The Trustee will apply adequate protection payments to the creditor's secured claim. After confirmation, unless the Court orders otherwise, adequate protection payments will continue in the

1

11/18/2008

same amount until claims to be paid prior to these claimants are paid in full. **If a creditor disagrees with the amount of the proposed adequate protection payments or the plan fails to provide for such payments, the creditor may file an objection to confirmation of this plan, file a motion pursuant to § 363, or both.**

| **Creditor** | **Property Description** | **Monthly Amount** |
|---|---|---|
| *(Creditor name or state None)* | *(Brief Property description)* | *$(amount)* |
| **NONE** | | |

___ See Section (J), Varying Provisions.


(2) Administrative expenses. Section 507(a)(2).

Administrative Expenses. *(Describe)*

(3) *Leases and Unexpired executory Contracts.* Pursuant to § 1322(b), the Debtor assumes or rejects the following lease or unexpired executory contract. For a lease or executory contract with an arrearage to cure, the arrearage will be cured in the plan payments with regular monthly payments to be paid direct by the Debtor. The arrearage amount to be adjusted to the amount in the creditor's allowed proof of claim.

     (a) Assumed:

| Creditor & Property Description | Estimated Arrearage Amount | Arrearage Through Date |
|---|---|---|
| (Creditor Name or State None) (Brief property description) | *$(Amount)* | *(date)* |
| **NONE** | | |

     (b) Rejected:

| Creditor | Property Description |
|---|---|
| (Creditor Name or State None) | *(Brief Property Description)* |
| **NONE** | |

___ See Section (J), Varying Provisions.


(4) *Claims Secured Solely by Security Interest in Real Property.* Unless otherwise stated below, Debtor shall pay post-petition payments directory to the creditor. Prepetition arrearages shall be cured through the Trustee. No interest will be paid on the prepetition arrearage unless otherwise stated. Except as provided in Local Bankruptcy Rule 2084-23 if a creditor gets unconditional stay relief, the actual cure amount to be paid shall be adjusted by the Trustee pursuant to the creditor's *allowed* proof of claim.

| Creditor/Servicing Agent & Property Description | Value of Collateral and Valuation Method | Estimated Arrearage Amount | Arrearage Owed Through |
|---|---|---|---|
| COUNTRYWIDE HOME LOANS | $150,000 | $5,500 | PRESENT |
| WASHINGTON MUTUAL | | $5,600 | |
| | Homes in neighborhood | | |
| *[Name or state none]* *[Brief property Description]* | *$[Value]* *[Valuation method]* | *$[Amount]* | *[Date]* |
| **NONE** | | | |

___ See Section (J), Varying Provisions.


(5) *Claims Secured by Personal Property or a Combination of Real and Personal Property.* Pursuant to §1325, secured creditors listed below shall be paid the amount shown below as the Amount to be Paid As Secured Claim Under Plan, with such amount paid through the Plan payments. However, if the creditor's proof of claim amount is less than the amount of Secured Claim to Be Paid Under the Plan, then the proof of claim amount will be paid. Any adequate protection payments are as provided in section (C)(1) above.

| Creditor & Property Description | Debt Amount | Value of Collateral and Valuation Method | Amount to be Paid On Secured Claim | Interest Rate |
|---|---|---|---|---|
| US BANK  2005 CHEVROLET | $11,000 | $11,000 | $15,016 | 13% |
| Arizona State Credit Union 2004 HYUNDAI | $ 6,142 | $6,142 News paper | $ 7,526 | 8.25% |
| *[Name or state none]* | *$[Amount]* | *$[Value]* | *$[Amount or If* | *[Interest rate,* |

2

| [Brief property Description] | [Valuation method] | being paid in full] | even if zero] |

**NONE**

___ See Section (J), Varying Provisions.

**(6) *Priority, Unsecured Claims.*** All allowed claims entitled to pro rata priority treatment under § 507 shall be paid in full in the following order:

(a) Unsecured Domestic Support Obligations. The Debtor shall remain current on such obligations that come due after filing the petition. Unpaid obligations before the petition date to be cured in the plan payments.

| Creditor | Estimated Arrearage |
|---|---|
| INTERNAL REVENUE SERVICE | $4,142 |
| (Creditor Name or State None) | $(Amount Owed Through Date) |

**NONE**

(b) Other unsecured priority claims.

| Creditor | Type of Priority Debt | Estimated Debt Amount |
|---|---|---|
| (Creditor Name or State None) | [Describe] | $[Amount] |

**NONE**

___ See Section (J), Varying Provisions.

**(7) *Codebtor Claims.*** The following codebtor claim is to be paid per the allowed claim, pro rata before other unsecured, nonpriority claims.

| Creditor | Codebtor Name | Estimated Debt Amount |
|---|---|---|
| (Creditor Name or State None) | [Codebtor Name] | $[Amount] |

**NONE**

___ See Section (J), Varying Provisions.

(D) **Lien Retention.** Secured creditors shall retain their liens until payment of the underlying debt determined under nonbankruptcy law or upon discharge, whichever occurs first.

(E) **Surrendered Property.** Debtor surrenders the following property. Upon confirmation of this Plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to the collateral to be surrendered. Any claim filed by such creditor shall receive no distribution until the creditor files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. ***Should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor.***

| Claimant | Property to be surrendered |
|---|---|
| (Describe or State None) | (Brief property description) |
| **NONE** | |

(F) **Reserved.**

(G) **Vesting.** Vesting of property of the estate. Property of the estate shall vest in the Debtor upon confirmation of the Plan. The following property shall not revest in the Debtor upon confirmation: *[Describe or state None]*

**NONE**

___ See Section (J), Varying Provisions.

(H) **Tax Returns.** While the case is pending, the Debtor shall provide to the trustee a copy of any post-petition tax return within thirty days after filing the return with the tax agency. The Debtor has filed all tax returns for all taxable periods during the four-year period ending on the petition date, except: *[not applicable or describe unfiled returns]*
   n/a
(I) **Funding Shortfall.** Debtor will cure any funding shortfall before the Plan is deemed completed.

(J) **Varying Provisions.** The Debtor submits the following provision that vary from the Local Plan Form, Sections (A) through (G):

   (1) *[None, or state the provision with reference to relevant paragraphs.]*
      *NONE*
   (2) *[state the provision with reference to relevant paragraphs.]*

   (3) *[state the provision with reference to relevant paragraphs.]*

(K) **Plan Summary.** If there are discrepancies between the plan and this plan analysis, the provisions of the confirmed plan control.
   (1) Administrative Expenses: ................................................................................................ $ _____
   (2) Priority Claims: ................................................................................................................ $ 4,142
   (3) Payments to Cure Defaults ............................................................................................ $ 11,100
   (4) Payments on Secured Claims, Including Interest: ..................................................... $ 22,542
   (5) Payments on Unsecured, Nonpriority Claims: ............................................................ $ _____
   (6) SUBTOTAL: ..................................................................................................................... $ 37,784
   (7) Trustee's Compensation (10% of Debtor's Payments): ............................................. $ 4,199
   (8) Total Plan Payments: ..................................................................................................... $ 41,983

(L) **Section 1325 analysis.**

   (1) Best Interest of the Creditors Test: ............................................................................... $ _____
      (a) Value of debtor's interest in nonexempt property ................................................. $ _____
      (b) Plus: Value of property recoverable under avoiding powers ................................ $ _____
      (c) Less: Estimated Chapter 7 administrative expenses ............................................ $ _____
      (d) Less: Amount payable to unsecured, priority creditors ......................................... $ _____
      (e) **Equals:** Estimated amount payable to unsecured, nonpriority claims if debtor filed Chapter 7 .. $ _____

Paragraph (2) to be completed by debtors whose current monthly income exceeds the state's median income

   (2) Section 1325(b) Analysis: ............................................................................................... $ _____
      (a) Amount from Line 58, Form B22C, Statement of Current Monthly Income ........ $ 699.72
      (b) Applicable Commitment Period ................................................................................     x 60
      (c) Sections 1325(b) amount ((b)(1) amount times 60) ................................................ $ 41,983.20

   (3) Estimated Payment to Unsecured, Nonpriority Creditors Under Plan: ..................... $ _____

Dated  Nov 01, 2008

_____          _____
MANUEL J. LOPEZ, SR.                ROSALVA DIAZ LOPEZ

4